Murtagh, J.
Plaintiff Blais’ claims against the defendant Independence Investment are premised on alleged promises or representations made by Independence concerning investment strategies to be implemented by Independence in managing $25,000.00 earmarked for stock investment by Blais. Independence asserts that the evidence leaves no room for reasonable dispute and that the strategy agreed to by Blais and Independence was a large cap growth strategy coupled with a sell discipline developed internally by Independence. This strategy was in fact implemented on Blais’ behalf. Blais contends that the strategy he communicated orally to Independence and which Independence agreed to follow was a more conservative strategy, with modest return expectations, low exposure to technology stocks and having a sell discipline which required the sale of any stock no later than after it lost 8% of its value.
*58 The Individual Investment Management Agreement (the “Agreement”), prepared by Independence and signed by Blais and Independence, contemplated that there would be written investment guidelines expressing the investment strategies which Blais intended Independence to follow in managing his money. Specifically, paragraph 5 of the Agreement states:
The Client shall from time to time furnish the Investment Manager with investment guidelines for management of the assets. The Investment Manager shall make its investment decision consistent with such guidelines ... A copy of the initial investment guidelines is attached hereto as Exhibit C.
No Exhibit C was ever attached and none was prepared.
Independence maintains that Blais was obligated to supply these guidelines in writing. However, neither paragraph 5 nor any other provision in the Agreement specifically required Blais to provide guidelines in writing. Here, Blais has asserted that he communicated his guidelines orally to Independence. He maintains that it was Independence’s obligation to reduce them to writing in Exhibit C.
With (1) Blais’ and LeBlond’s testimony concerning the oral communication of Blais’ conservative investment guidelines or strategy, (2) the absence of Exhibit C to contradict Blais and (3) the conscious failure of Independence, after it was pointed out that Exhibit C was missing from the Agreement, to pursue clarification and understanding with Blais regarding the guidelines to be followed, the Court finds that triable issues of fact exist concerning the investment strategy which Independence was obligated to pursue.
As additional grounds for seeking summary judgment, Independence asserts that, even if it was obligated but failed to implement a “conservative” investment strategy for Blais, Blais either ratified or waived objection to the unauthorized stock transactions or is equitably estopped from complaining about them.
To establish these affirmative defenses, Independence must establish that Blais had full knowledge of Independence’s deviation from his desired portfolio strategy. In arguing its position Independence has brought forward evidence that Blais had been sent information of individual stock trades in the form of trade confirmations, that Blais had been furnished with monthly statements, that Blais and LeBlond had on-line access to his entire account at Morgan Stanely-Dean Witter (MSDW), including his Vision account managed by Independence, that LeBlond in fact accessed Blais’ MSDW and Vision accounts regularly, that the account may have been accessed by Blais on a number of occasions and that he caused printouts to be made of the account and its holdings on several occasions. This evidence may certainly be viewed as undermining Blais’ position that he was unaware of what strategy Independence was pursuing on his behalf and that he did not condone Independence’s action. However, despite such damaging evidence, the Court must conclude that there remains a triable issue of fact concerning whether Blais possessed the level of knowledge required to sustain the affirmative defenses raised by Independence.

ORDER

For the foregoing reasons and because factual issues exist concerning the balance of issues raised by Independence, it is ORDERED that Independence’s Motion for Summary Judgment is DENIED.